**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELIZABETH GRAUPMAN,** : | |
| **as Administratrix of the Estate of** | |
| **LYNN M. McKERNAN,** : | **CIVIL ACTION NO. 3:12-1438** |
| **Plaintiff** : | |
| **v.** : | **(JUDGE MANNION)**[1] |
| **WAYNE S. KICHAR, and** : | |
| **CERMINARO CONSTRUCTION** | |
| **COMPANY, INC.,** : | |
| **Defendants** : | |

| | |
|---|---|
| **MELISSA R. McKERNAN,** : | |
| **as Administratrix of the Estate of** | |
| **WILLIAM R. McKERNAN,** : | |
| **Plaintiff** : | |
| **v.** : | |
| **WAYNE S. KICHAR, and** : | |
| **CERMINARO CONSTRUCTION** | |
| **COMPANY, INC.,** : | |
| **Defendants** : | |

## MEMORANDUM

Pending before the court is the defendants' partial motion to dismiss the plaintiffs' amended complaint. (Doc. No. 8)[2]. Upon review of the motion and

---

[1]The instant consolidated actions were originally assigned to the Honorable A. Richard Caputo. By verbal order, on January 7, 2013, the actions were reassigned to the undersigned.

[2]The plaintiffs, through the same counsel, had originally filed separate
(continued...)

related materials, the motion will be granted in part and denied in part.

**I.     PROCEDURAL HISTORY**

By way of relevant background, on July 25, 2012, the above-named plaintiffs filed separate diversity actions docketed to Civil Action No. 3:12-1438 and Civil Action No. 3:12-1439. In each action, the plaintiff was directed to file an amended complaint which properly pleaded the citizenship of the plaintiff and the individual defendant, Wayne S. Kichar, in order to establish the court's subject matter jurisdiction. The amended complaints were filed on August 2, 2012.

On August 24, 2012, the defendants filed a partial motion to dismiss in each of the actions, along with a supporting brief. Opposing briefs were filed by the plaintiffs on September 7, 2012. The defendants filed a reply brief in each action on September 21, 2012.

As noted herein, by verbal order, on January 7, 2013, the actions were reassigned to the undersigned. Upon review, the court determined that the

---

[2](...continued)
civil actions docketed to Civil Action No. 3:12-1438 and Civil Action No. 3:12-1439. Amended complaints were filed in the actions and partial motions to dismiss followed. Upon transfer to the undersigned, the court reviewed the actions and found that the pleadings and filings were nearly identical. As such, by order dated February 11, 2013, the court directed that the matters be consolidated into Civil Action No. 3:12-1438, as captioned above. Given this, the partial motion to dismiss filed in Civil Action No. 3:12-1439 is considered consolidated as well and will not be considered separately herein.

actions involved identical factual allegations, as well as identical causes of action brought against identical defendants. Only the named plaintiffs differed. As a result, pursuant to the provisions of Fed. R. Civ. P. 42(a), by order dated February 11, 2013, the matters were consolidated into one civil action, that being the above-captioned Civil Action No. 3:12-1348.

## II.    LEGAL STANDARD

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds

of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)](#) (brackets and quotations marks omitted) (quoting [Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65](#)).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. [Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007)](#). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." [Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)](#). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." [Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002)](#). However, the court may not rely on other parts of the record in determining a motion to dismiss. [Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994)](#).

### III. DISCUSSION

In the amended complaint, the plaintiffs allege that William R. McKernan and Lynn M. McKernan were fraternal twins born on September 22, 1971. On

October 6, 2011, Lynn M. McKernan was the operator of, and William R. McKernan was the passenger in, a 2009 Nissan automobile and were traveling together to New York City to celebrate their 40th birthday. While passing through Pennsylvania on Interstate 84 near the interchange of Interstates 81 and 84 and State Route 6 in the Borough of Dunmore, defendant Wayne S. Kichar, who was operating a 1994 Chevrolet dump truck belonging to defendant Cerminaro Construction Company, Inc., ("Cerminaro"), entered onto a ramp connecting northbound Interstate 81 with State Route 6. When doing so, defendant Kichar drove off of the ramp, traveled more than 500 feet across a vegetated median and entered onto Interstate 84 at or about a perpendicular angle with Interstate 84, became airborne, and collided with the automobile being driven by Lynn M. McKernan and occupied by William R. McKernan, shearing off the roof in the process. As a result of the collision, both Lynn M. McKernan and William R. McKernan suffered fatal and severe injuries resulting in their deaths at the scene of the accident. The plaintiffs allege that the collision and the injuries resulting in the deaths of Lynn M. McKernan and William R. McKernan were caused solely by the carelessness, negligence and recklessness of defendants Kichar and Cerminaro.

The plaintiffs allege that, at the time of the accident, defendant Kichar was operating the dump truck owned by defendant Cerminaro under the influence of one or more illegal controlled substances, including, but not

limited to, marijuana and synthetic marijuana, a/k/a "spice." The plaintiffs allege that defendant Kichar had a criminal history, including a conviction for driving under the influence, a conviction for simple assault, and a contempt violation of a protection from abuse order[3].

Plaintiffs further allege that, at the time of the accident, defendant Kichar was an employee, servant and/or agent of defendant Cerminaro and was operating the dump truck within the course and scope of his agency and/or employment and under the direction and control of defendant Cerminaro with the express and/or implied consent of defendant Cerminaro. Plaintiffs allege that defendant Cerminaro was aware of defendant Kichar's

---

[3]The court notes that, in their 12(b)(6) motion, "[i]n order not to overburden the Court with abundant paperwork," the defendants, without more, argue in a footnote that the plaintiffs' allegations regarding defendant Kichar's prior convictions for contempt and assault should be stricken as impertinent, immaterial and needlessly scandalous pursuant to Fed. R. Civ. P. 12(f). The plaintiffs did not address this footnote in their opposing brief. As a result, in their reply brief, the defendants, again in a footnote, argue that the plaintiffs failed to sufficiently oppose their "informal motion" and again claim entitlement to relief under Fed. R. Civ. P. 12(f).

With respect to the above, the court will not entertain the defendants' "informal" motion to strike. To this extent, the defendants are advised that there are no "informal motions" in federal court. If a party seeks relief from the court, that party should file a motion with an appropriate supporting brief in accordance with the Federal Rules of Civil Procedure and the Local Rules of Court for the Middle District of Pennsylvania. Relief is not to be sought by way of an unsupported argument placed in a footnote. That being said, out of an abundance of caution, the plaintiffs are advised that when an argument is raised, even by way of footnote, some acknowledgment should be given, as failure to address the argument may be construed as a concurrence in the relief sought.

criminal history and, despite his history, continued to employ him. The plaintiffs allege that defendant Cerminaro's actions constituted negligence, carelessness and/or recklessness.

Based upon the above factual allegations, the plaintiffs set forth three causes of action in their amended complaint: (1) a wrongful death claim against both defendants, ("Count I"); (2) a survival action against both defendants, ("Count II"); and (3) a negligent entrustment claim against defendant Cerminaro, ("Count III"). The defendants have moved to have the requests for punitive damages in each of these counts dismissed.

As an initial matter, in their partial motion to dismiss, the defendants argue that, although the plaintiffs have requested punitive damages in Count I of their amended complaint, punitive damages are not permissible in a wrongful death claim in Pennsylvania. In their opposing brief, plaintiffs concede this point and agree to strike their request for punitive damages in Count I of their amended complaint asserting a cause of action for wrongful death. As a result, that portion of the defendants' motion which seeks dismissal of punitive damages request in Count I of the amended complaint is granted as unopposed.

With respect to the plaintiffs' requests for punitive damages in Counts II and III of the amended complaint, the defendants argue that, while the plaintiffs have alleged that defendant Kichar was under the influence of marijuana and/or synthetic marijuana at the time of the accident, they have

not alleged that he was actually "impaired." In addition, the defendants argue that the plaintiffs' amended complaint lacks "specifics" to support the plaintiffs' claim that defendant Kichar acted in conscious disregard for the safety of others or had a specific appreciation of a risk that he was allegedly taking. The defendants further argue that the plaintiffs' have alleged insufficient "details" in the pleadings to assert a claim for punitive damages against defendant Cerminaro for negligent entrustment.

In considering the defendants' arguments, the Pennsylvania Supreme Court has adopted the approach of the Second Restatement of Torts regarding punitive damages. See Moore v. Vislosky, 240 Fed.Appx. 457 (3d Cir. 2007) (citing Feld v. Merriam, 506 Pa. 383, 485 A.2d 742 (1984)). Under the Second Restatement of Torts, punitive damages may be awarded for conduct that is "outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts §908(2). Pennsylvania courts and federal courts applying Pennsylvania law have also stated that "[p]unitive damages may not be awarded for misconduct which constitutes ordinary negligence . . ." Wayne v. First Citizen's Nat. Bank, 846 F.Supp. 310, 320-21 (M.D.Pa. 1994) (quoting McDaniel v. Merck, Sharp & Dohme, 367 Pa.Super. 600, 533 A.2d 436 (1987)); see also ConsulNet Computing, Inc. v. Moore, 2008 WL 2950783 (E.D.Pa. July 30, 2008) (citing Hall v. Jackson, 788 A.2d 390, 403 (Pa.Super. 2001) and quoting McDaniel, 533 A.2d at 447). In assessing punitive damages, the trier of fact can properly

consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause, and the wealth of the defendant. Id.

Concerning the plaintiffs' requests for punitive damages in Counts II and III of the amended complaint, although the defendants disagree, the court finds that, at this stage of the proceedings, it is premature to grant the defendants' motion to dismiss these requests. Although the defendants correctly assert that the pleading standard set forth in [Ashcroft v. Iqbal, 556 U.S. 662 (2009)](), requires that a complaint contain sufficient factual matter which, if accepted as true, would render a claim plausible on its face, the federal standard still does not provide for fact pleading in which the plaintiffs must allege every detail of their claim in order to be entitled to relief. Viewing the facts alleged in the amended complaint in a light most favorable to the plaintiffs, as the court must do on a motion to dismiss, it cannot be said at this stage that the plaintiffs can prove no set of facts that would prompt an award of punitive damages. The plaintiffs have alleged enough such that it is sufficient to allow discovery to proceed. As such, this portion of the defendants' partial motion to dismiss will be denied at this time.

## IV. CONCLUSION

Based upon the foregoing, the defendants' partial motion to dismiss the plaintiff's amended complaint will be granted in part and denied in part. The

motion will be granted with respect to the request for punitive damages in Count I of the complaint, as the plaintiffs have agreed to strike this request from their amended complaint. In all other respects, the partial motion to dismiss will be denied. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 19, 2013**
O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-1438-01.wpd